**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARREN CHRISTOPHER HARRIS, | No. 11-15359 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00003-OWW-SKO |
| v. | |
| KIM; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, District Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

Darren Christopher Harris, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First

and Eighth Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo the dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, vacate in part, and remand.

Dismissal of defendants Doe and Klarich was proper because Harris's operative complaint failed to allege facts linking either defendant to a § 1983 violation. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health); *Ortez v. Washington County, Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of claims proper where plaintiff failed to allege "specific facts linking each defendant to a § 1983 violation").

Dismissal was also proper as to Harris's claims that defendant Lowden was deliberately indifferent to his safety in connection with the use of a corrosive cleaning agent, and that defendant Kim was deliberately indifferent to his health in connection with Harris's request for a bed board for his back, because Harris's operative complaint failed to allege facts demonstrating that these defendants knew of and disregarded an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (no deliberate indifference unless prison officials know of and disregard "an excessive risk to inmate health or safety");

2                                                                    11-15359

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

However, dismissal of Harris's claims against the remaining defendants was improper at this early stage of the proceedings. Harris's operative complaint alleges that defendants Olivarria and Williams ordered Harris to use the corrosive cleaning agent without training or protective gear, resulting in serious injury to Harris's eyes and skin, and that they knew of the cleaning agent's dangerous properties. This is sufficient to state an Eighth Amendment violation. *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (in the prison work context, the Eighth Amendment is implicated when a prison official compels a prisoner-employee to perform labor that is beyond his strength, endangers his life or health, or causes undue pain).

Liberally construed, Harris's operative complaint also alleges that defendant Kim refused to provide Harris with needed medical treatment after Harris's exposure to the corrosive cleaning agent. This allegation is sufficient to state an Eighth Amendment violation. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

2006) (delay of, or interference with, medical treatment can amount to deliberate indifference); *Taylor*, 880 F.2d at 1045.

Finally, Harris's operative complaint alleges that defendants Lowden and Olivarria intentionally interfered with disciplinary proceedings against Harris in retaliation for his filing of grievances, which is sufficient to state a First Amendment violation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim).

In sum, we affirm the dismissal of all claims against defendants Doe and Klarich, all Eighth Amendment claims against defendant Lowden, and the Eighth Amendment claim against defendant Kim concerning Harris's request for a bed board. We vacate the dismissal of all Eighth Amendment claims against defendants Olivarria and Williams, the Eighth Amendment claim against defendant Kim concerning Harris's alleged injuries after chemical exposure, and the First Amendment claims against defendants Lowden and Olivarria.

Harris's remaining contentions are unpersuasive.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**